■ FRANK ALVINO, Respondent, v YEE NAN G. LIN, Defendant, and CABLE TECH, INC., Appellant. [751 NYS2d 585] —In an action to recover damages for personal injuries, the defendant Cable Tech, Inc., appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 19, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Cable Tech, Inc., and the action against the remaining defendant is severed.

On June 4, 2000, the plaintiff sustained personal injuries after falling from his bedroom window onto concrete steps while he leaned out of the window to adjust a satellite dish that the appellant installed on the exterior wall of the plaintiff's building on May 2, 2000, pursuant to a contract. The plaintiff did not use a ladder or any other safety device while attempting to adjust the dish. The plaintiff alleges in his complaint that his fall was due to the appellant's negligent installation of the satellite dish.

The plaintiff testified at his deposition, however, that he lost his balance after the window frame gave way. The plaintiff also testified at his deposition that he advised the defendant building owner before the accident that the windows rattled and were loose. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion.

To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff (see Gordon v Muchnick, 180 AD2d 715). The appellant demonstrated its entitlement to summary judgment by establishing that it owed no

duty to the plaintiff and that its installation of the dish was not the proximate cause of the plaintiff's injury. The plaintiff failed to raise a triable issue of fact. Accordingly, the complaint is dismissed insofar as asserted against the appellant.

In light of our determination, we need not reach the appellant's remaining contention. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.