■ Marion Nappi, Appellant, v Incorporated Village of Lynbrook, Respondent, et al., Defendants. [796 NYS2d 537]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 9, 2004, which granted the motion of the defendant Incorporated Village of Lynbrook for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (*Alvino v Lin*, 300 AD2d 421 [2002]; *see Gordon v Muchnick*, 180 AD2d 715 [1992]). "[L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Warren v Wilmorite, Inc.*, 211 AD2d 904, 905 [1995] [internal quotation marks omitted]). "The existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]).

The defendant Incorporated Village of Lynbrook demonstrated its entitlement to summary judgment by establishing that it owed no duty to the plaintiff. In any event, the Village established that it exercised reasonable care in the maintenance of the premises (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Basso v Miller*, 40 NY2d 233 [1976]; *Putnam v Stout*, 38 NY2d 607 [1976]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Therefore, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.