■ IMAD ABDELLATIF, Appellant, v COLLINE KHOUKAZ, Respondent, et al., Defendant. [801 NYS2d 870]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 13, 2004. The order granted the motion of defendant Colline Khoukaz for summary judgment and dismissed the amended complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint against defendant Colline Khoukaz is reinstated.

Memorandum: Plaintiff commenced this action alleging, inter alia, that the negligence of Colline Khoukaz (defendant) was a proximate cause of the injuries he sustained when he slipped and fell on ice on the driveway outside the building in which he rented an apartment. Specifically, plaintiff alleged that defendant was negligent in failing to replace a missing downspout near the driveway, which allowed water to accumulate and freeze. We conclude that Supreme Court erred in granting the motion of defendant seeking summary judgment dismissing the amended complaint against her (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises. . . . The existence of one or more of these elements is sufficient to give rise to a duty of care" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1988], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]). Here, defendant failed to establish as a matter of law that she did not exercise control over the downspout and relevant portion of the premises. Indeed, the deposition testimony of defendant establishes that, although she transferred ownership of the property to a relative who resides in Syria, defendant collected the rent, was the only mortgagor and made the mortgage payments, made certain repairs on the property herself and paid for other repairs out of her own pocket without reimbursement from the record owner, and in fact attempted to sell the property. Thus, defendant failed to meet her initial burden of establishing as a matter of law that she did not "control[ ] the premises at the time of plaintiff's injury" (*Arce v 1681 Realty Holding Corp.*, 276 AD2d 328, 328 [2000]; *see Ritto v Goldberg*, 27 NY2d 887, 889 [1970]; *see also Brown v O'Connor*, 193 AD2d 1088 [1993]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.