■ DOUGLAS CORAL, Appellant, v STATE OF NEW YORK et al., Defendants, and HOPE FOR YOUTH, INC., et al., Respondents. [814 NYS2d 527]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated April 11, 2005, as granted that branch of the motion of the defendants Hope for Youth, Inc., and David Smith which was for summary judgment dismissing the complaint insofar as asserted against the defendant Hope for Youth, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries (*see Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Edwards v Mercy Home for Children & Adults,* 303 AD2d 543, 544 [2003]). In the absence of a duty, there is no breach and no liability (*see Pulka v Edelman, supra; Fernandez v Elemam,* 25 AD3d 752 [2006]). Here, in support of the motion for summary judgment, the defendant Hope for Youth, Inc., made a prima facie showing of its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the defendant Hope for Youth, Inc. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.