■ Margaret F. Clifford et al., Appellants, v Woodlawn Volunteer Fire Company, Inc., et al., Respondents. [818 NYS2d 715]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 11, 2005 in a personal injury action. The order granted the motion and cross motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the amended complaint against defendant Woodlawn Volunteer Fire Company, Inc. insofar as the amended complaint, as amplified by the bill of particulars, alleges that defendant Woodlawn Volunteer Fire Company, Inc. had constructive notice of the dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Margaret F. Clifford (plaintiff) when she slipped and fell on a wet floor on premises owned by defendant Woodlawn Volunteer Fire Company, Inc. (Woodlawn) during a wedding reception catered by defendant J & M Catering Services, Inc. (J & M). Contrary to plaintiffs' contention, Supreme Court properly granted that part of the motion of Woodlawn for summary judgment dismissing the amended complaint against it insofar as the amended complaint, as amplified by the bill of particulars, alleges that Woodlawn created the dangerous condition or had actual notice of it. We agree with plaintiffs, however, that the court erred in granting that part of the motion of Woodlawn seeking summary judgment dismissing the amended complaint against it insofar as the amended complaint, as amplified by the bill of particulars, alleges that Woodlawn had constructive notice of the dangerous condition, and we therefore modify the order accordingly. Woodlawn, the owner of the premises, failed to meet its initial burden on the motion by establishing that it did not have

constructive notice of the dangerous condition, i.e., it " 'failed to establish as a matter of law that the condition . . . had not existed for a sufficient length of time before plaintiff's accident to permit employees of [Woodlawn] to discover and remedy it' " (*Ranger v Byrne Dairy*, 280 AD2d 946, 946 [2001], quoting *Perrone v Ilion Main St. Corp.*, 254 AD2d 784, 785 [1998]; *see Rivers v May Dept. Stores Co.*, 11 AD3d 963, 964 [2004]; *Merrill v Falleti Motors, Inc.*, 8 AD3d 1055 [2004]). Because Woodlawn failed to meet its initial burden, we do not review the sufficiency of plaintiffs' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to plaintiffs' contention, however, the court properly granted the cross motion of J & M for summary judgment dismissing the amended complaint against it. "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . . The existence of one or more of these elements is sufficient to give rise to a duty of care. Where none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297 [1988], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]; *see Abdellatif v Khoukaz*, 21 AD3d 1278 [2005]). J & M met its initial burden on the cross motion by establishing that none of those elements is present, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.