■ Morris Rubin et al., Respondents, v Staten Island University Hospital, Appellant. [833 NYS2d 241]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated January 11, 2006, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

"To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (*Coral v State of New York*, 29 AD3d 851, 851 [2006]; *see Alvino v Lin*, 300 AD2d 421 [2002]). The defendant established its entitlement to judgment as a matter of law by demonstrating that its alleged delay in providing a wheelchair to the plaintiffs' decedent was not a proximate cause of her injuries (*see generally Bank v Lincoln Shore Owners*, 229 AD2d 370 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the decedent fell because she was weakened from the alleged long wait for a

wheelchair is speculative (*see Hardman v Long Is. Urological Assoc.*, 253 AD2d 849, 850 [1998]). Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.