*905 In an action to recover damages for personal injuries, the defendant Liberty Holdings, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered November 5, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
On June 10, 2011, the plaintiff allegedly was injured while working at a construction site in Lake Success (hereinafter the premises). While the plaintiff was atop a ladder, performing certain work on a wall, part of the wall collapsed onto the ladder. At the time of the accident, the plaintiff was employed by Marcus Park, LLC (hereinafter Marcus Park).
The plaintiff commenced this action against the defendant Liberty Holdings, LLC (hereinafter Liberty), and others. He alleged, inter alia, that Liberty owned, operated, managed, maintained, and controlled the premises, and was the general contractor for the construction project. The plaintiff asserted causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (1).
Prior to the completion of discovery, Liberty moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it neither was the plaintiff’s employer nor held legal title to the premises on the date of the plaintiffs accident. The Supreme Court denied Liberty’s motion.
A party moving for summary judgment bears the initial burden of affirmatively establishing its entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Where a party fails to do so, the motion will be denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The prima facie showing that a defendant must affirmatively make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see Miller v Village of E. Hampton, 98 AD3d 1007, 1008-1009 [2012]; Braver v Village of Cedarhurst, 94 AD3d 933 [2012]; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045 [2010]; Koi Hou Chan v Yeung, 66 AD3d 642, 643 [2009]). In the instant action, in addition to alleging that Liberty owned the premises, the plaintiff alleged, inter alia, that Liberty operated, managed, maintained, and controlled the premises, and was the general contractor for the construction project.
*906 “To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff. [L]lability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property” (Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565, 566 [2005] [internal quotation marks and citation omitted]; see Cerrato v Rapistan Demag Corp., 84 AD3d 714, 716 [2011]; Sanchez v 1710 Broadway, Inc., 79 AD3d 845, 846 [2010]; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730 [2008]). “Where none of these factors [is] present, a party cannot be held liable for injuries caused by the allegedly defective condition” (Gover v Mastic Beach Prop. Owners Assn., 57 AD3d at 730). Here, Liberty established, prima facie, that it was not the record owner of the premises on the date of the plaintiffs accident, by producing a deed to the premises that was delivered and recorded prior to the accident, and transferred ownership to Marcus Park (see Real Property Law § 291; Hernandez v Chen, 273 AD2d 274 [2000]; Woroniecki v Tzitzikalakis, 255 AD2d 509, 509-510 [1998]). However, Liberty’s evidentiary submissions did not address the issues of Liberty’s occupancy, control, and special use of the premises at the time of the accident. Accordingly, Liberty failed to demonstrate its entitlement to judgment as a matter of law with respect to the cause of action to recover damages for common-law negligence.
Likewise, Liberty failed to demonstrate its prima facie entitlement to judgment as a matter of law with respect to the plaintiffs Labor Law claims. Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801 [2005]). Labor Law §§ 240 and 241 impose certain nondelegable safety duties on general contractors, owners, and their agents (see Jock v Fien, 80 NY2d 965, 967-968 [1992]; Cannon v Putnam, 76 NY2d 644, 646 [1990]). While Liberty established, prima facie, that Marcus Park was the plaintiffs employer and the record owner of the premises at the time of the plaintiffs accident, Liberty failed to establish, prima facie, that it was not the general contractor for the construction project (see generally Weitz v Anzek Constr. Corp., 65 AD3d 678, 680 [2009]).
As Liberty failed to meet its prima facie burden with regard to any of the causes of action contained in the complaint, the Supreme Court properly denied Liberty’s motion, without *907 regard to the sufficiency of the papers offered in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Post v County of Suffolk, 80 AD3d 682, 685 [2011]). Rivera, J.R, Angiolillo, Hall and Cohen, JJ., concur.