In an action to recover damages for personal injuries, the defendant Saxon Mortgage Services, Inc., appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 5, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Saxon Mortgage Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
On January 26, 2009, the plaintiff allegedly slipped and fell due to an icy condition on the sidewalk in front of certain premises on Belmont Avenue in Brooklyn (hereinafter the subject premises). She commenced this action against Diana Cardona and Saxon Mortgage Services, Inc. (hereinafter Saxon *707 Mortgage), alleging that her injuries resulted from the defendants’ negligence in the ownership, operation, possession, control, supervision, direction, repair, maintenance and management of the subject premises, including the sidewalk in front of the premises.
Saxon Mortgage moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that, since it was only the servicer of the mortgage for the subject premises and Cardona was the title owner, it owed no duty to the plaintiff with respect to the maintenance of the premises. The Supreme Court denied the motion on the ground that Saxon Mortgage failed to eliminate all triable issues of material fact.
For a defendant to be held liable in tort, it must have owed the injured party a duty of care (see Polka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584 [1994]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13 [2011]; Forbes v Aaron, 81 AD3d 876, 877 [2011]). “The existence and extent of a duty is a question of law” (Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 13).
As a general rule, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (see Sanchez v 1710 Broadway, Inc., 79 AD3d 845, 846 [2010]; Kydd v Daarta Realty Corp., 60 AD3d 997, 998 [2009]; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729 [2008]; Dugue v 1818 Newkirk Mgt. Corp., 301 AD2d 561 [2003]). Where none of these factors is present, a party cannot be held liable for injuries caused by a dangerous or a defective condition (see Sanchez v 1710 Broadway, Inc., 79 AD3d at 846; Kydd v Daarta Realty Corp., 60 AD3d at 998; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d at 729; Dugue v 1818 Newkirk Mgt. Corp., 301 AD2d at 561).
Here, Saxon Mortgage demonstrated, prima facie, its entitlement to judgment as a matter of law through, inter alia, the affidavit of its vice president, who averred that Saxon Mortgage did not own or control the subject premises, and the mortgage documents and the deed to the subject premises, which established that Cardona owned the subject premises on January 26, 2009 (see Forbes v Aaron, 81 AD3d at 877; Pollard v Credit Suisse First Boston Mtge. Capital, LLC, 66 AD3d 862, 863 [2009]; Rinzler v Jafco Assoc., 21 AD3d 360, 361 [2005]; see also Demant v Town of Oyster Bay, 23 AD3d 333, 334 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff’s contention that Saxon Mortgage’s summary judgment motion was premature is without merit. Pursuant to CPLR 3212 (f), the court may deny a motion for summary judg *708 ment if “it appear[s] from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated.” It is incumbent upon the opposing party to provide an evidentiary basis to suggest that discovery might lead to relevant evidence (see Lauriello v Gallotta, 59 AD3d 497, 498-499 [2009]; Brewster v Five Towns Health Care Realty Corp., 59 AD3d 483, 484 [2009]; Leeds, Morelli & Brown, P.C. v Hernandez, 55 AD3d 794, 795 [2008]; Conte v Frelen Assoc., LLC, 51 AD3d 620, 621 [2008]) or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party (see Cajas-Romero v Ward, 106 AD3d 850, 852 [2013]; Anzel v Pistorino, 105 AD3d 784, 786 [2013]; Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1054 [2012]; Savage v Quinn, 91 AD3d 748, 750 [2012]).
The plaintiffs argument, supported only by her attorney’s affirmation, that a deposition of a witness from Saxon Mortgage was necessary since it may lead to evidence about Saxon Mortgage’s right to enter or inspect the subject premises is without merit since, based on this record, such discovery is unlikely to lead to relevant evidence (see CPLR 3212 [f]; Neryaev v Solon, 6 AD3d 510 [2004]). The mere “hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion” (Savage v Quinn, 91 AD3d at 750 [internal quotation marks omitted]; see Seawright v Port Auth. of N.Y. & N.J., 90 AD3d 1017, 1018 [2011]).
Accordingly, the Supreme Court should have granted Saxon Mortgage’s motion for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiffs remaining contentions are not properly before this Court, since they have been improperly raised for the first time on appeal (see Matter of Felix v Felix, 110 AD3d 805 [2013]; Preferred Mut. Ins. Co. v SAV Carpentry, Inc., 44 AD3d 921, 923 [2007]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568, 571 [2004]). Mastro, J.E, Lott, Austin and Roman, JJ., concur.