■ CATHERINE ANN CONNEALLY, Respondent, v DIOCESE OF ROCKVILLE CENTRE, Defendant, and ST. AGNES ROMAN CATHOLIC CHURCH et al., Appellants. [984 NYS2d 127]—

In an action to recover damages for personal injuries, the defendants St. Agnes Roman Catholic Church and St. Agnes Roman Catholic Church at Rockville Centre appeal from an order of the Supreme Court, Nassau County (Marber, J.), dated August 15, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

At about 9:00 p.m. on August 20, 2009, the then-75-year-old plaintiff allegedly tripped and fell due to an elevation differential between the outdoor plaza area of premises owned by the defendants St. Agnes Roman Catholic Church and St. Agnes Roman Catholic Church at Rockville Centre (hereinafter together

the St. Agnes defendants) and the abutting sidewalk below it, sustaining personal injuries. The plaintiff, who had just attended a concert at the St. Agnes defendants' cathedral, alleged that she did not see the difference in height between the plaza area and the abutting sidewalk because the area was inadequately lit.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (*Alvino v Lin*, 300 AD2d 421, 421 [2002]; *see Rubin v Staten Is. Univ. Hosp.*, 39 AD3d 618 [2007]; *Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565 [2005]). A property owner has a duty to maintain his property in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 234 [1976]). However, a property owner has no duty to protect or warn against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851 [2012]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]). "Absent a hazardous condition or other circumstance giving rise to an obligation to provide exterior lighting for a particular area, landowners are generally not required 'to illuminate their property during all hours of darkness' " (*Miller v Consolidated Rail Corp.*, 9 NY3d 973, 974 [2007], quoting *Peralta v Henriquez*, 100 NY2d 139, 145 [2003]; *Taylor v Lands End Realty Corp.*, 93 AD3d 1062, 1064 [2012]; *see Solan v Great Neck Union Free School Dist.*, 43 AD3d 1035 [2007]). "A landowner whose property is open to the public is charged with the duty of providing safe means of ingress and egress, which includes a duty to provide adequate lighting" (*Shirman v New York City Tr. Auth.*, 264 AD2d 832, 833 [1999]; *see Gallagher v St. Raymond's R. C. Church*, 21 NY2d 554 [1968]; *Tarrazi v 2025 Richmond Ave. Assoc.*, 296 AD2d 542, 544 [2002]).

Here, the St. Agnes defendants failed to establish, prima facie, that they did not breach their duty to maintain their premises in a reasonably safe condition. Viewing the evidence in the light most favorable to the plaintiff (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), a triable issue of fact exists as to whether the St. Agnes defendants breached their duty to adequately illuminate the area where the accident occurred, and whether their alleged failure to adequately illuminate the area proximately caused the accident (*see Hadgraft v Morin*, 94 AD3d 701 [2012]; *Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866 [2011]; *Miner v Northport Yacht Club*, 15 AD3d

362 [2005]; *Streit v DTUT*, 302 AD2d 450 [2003]). The conclusion of the St. Agnes defendants' expert, that the lighting condition was adequate at the time of the accident, was speculative, since he inspected the area where the accident occurred more than two years after the accident and he failed to show that when he tested the lighting condition, it was the same as it was at the time of the accident (*see Burgos v Montemurro Enters. LLC*, 102 AD3d 629, 630 [2013]; *Gilson v Metropolitan Opera*, 15 AD3d 55, 59 [2005], *affd* 5 NY3d 574 [2005]). Since the St. Agnes defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied the St. Agnes defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.