■ MARC ZYLBERBERG, Appellant, v JOHN F. WAGNER et al., Respondents, et al., Defendant. [990 NYS2d 52]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (DiBella, J.), dated October 10, 2012, as granted that branch of the motion of the defendants John F. Wagner and Patrice Wagner which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

During a visit in which the plaintiff was staying at the home of the defendants John F. Wagner and Patrice F. Wagner (hereafter together the Wagner defendants), the plaintiff was setting off fireworks on a floating dock (hereinafter the dock) on Burden Lake when he lost his balance and fell, impaling himself on a metal pole securing the dock. The plaintiff commenced this action against the Wagner defendants and the estate of Bette Jean Wilkinson (hereinafter the Wilkinson Estate), as the now-deceased Bette Jean Wilkinson was, at the time of the event, the owner of the dock. The plaintiff is seeking damages against the Wagner defendants and the Wilkinson Estate alleging, inter alia, that they were negligent in causing or permitting a dangerous condition to exist on the dock, failing to warn guests of the dangerous condition, failing to provide handrails on the dock, improper and negligent construction of the dock, and failing to maintain the dock. The Wagner defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the grounds, inter alia, that they did not own, possess, or control the dock, the condition of the dock was open and obvious and not inherently dangerous, and they did not have notice of any dangerous condition. The Supreme Court granted the motion.

"For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (*Suero-Sosa v Cardona*, 112 AD3d 706, 707 [2013]; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584 [1994]). "The existence and extent of a duty is a question of law" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 13 [2011]).

As a general rule, liability for a dangerous or defective condition on real property is predicated upon, inter alia ownership, occupancy, or control of that property (*see Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Ortega v Liberty Holdings, LLC*, 111 AD3d 904 [2013]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]). Where none of these factors is present, a party cannot be held liable for injuries caused by a dangerous or defective condition (*see Suero-Sosa v Cardona*, 112 AD3d at 706; *Ortega v Liberty Holdings, LLC*, 111 AD3d at 904; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730-731 [2008]).

There is no dispute that at the time of the accident, the Wagner defendants did not maintain or own the dock and, contrary to the plaintiff's contentions, the Wagner defendants established their prima facie entitlement to judgment as a matter of law by also showing that they did not control the dock (*see Suero-Sosa v Cardona*, 112 AD3d at 706; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 731).

In support of their motion, the Wagner defendants submitted their deposition transcripts and the deposition transcripts of the executor of the Wilkinson Estate and the plaintiff. The executor of the Wilkinson Estate testified that Bette Jean Wilkinson had the dock built by a contractor several years prior to the accident. John Wagner testified that Bette Jean Wilkinson owned and maintained the dock. While the Wagner defendants each admitted to an occasional use of the dock with the permission of the owner, they never told anyone they maintained the dock, and the plaintiff conceded that they had never told him that they owned the dock or that they maintained it. The plaintiff also acknowledged that he had never seen the Wagner defendants do any work on the dock. This evidence submitted by the Wagner defendants established prima facie that they did not control the dock notwithstanding their occasional use of the dock (*see Masterson v Knox*, 233 AD2d 549 [1996]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 731).

As the Wagner defendants did not owe the plaintiff a duty of care in this matter, the Supreme Court properly granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.