■ CARLA DONATIEN, Appellant, v LONG ISLAND COLLEGE HOSPITAL, Defendant, and AP TENANTS CORP. et al., Respondents. [57 NYS3d 422]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated March 9, 2016, as granted that branch of the motion of the defendants AP Tenants Corp. and Advanced Management Services, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that on February 3, 2010, at approximately 10:20 a.m., she slipped and fell on water as she descended a staircase while at the ENT Clinic of the defendant Long Island College Hospital (hereinafter LICH). The plaintiff commenced the instant action to recover damages for personal injuries against LICH, AP Tenants Corp. (hereinafter AP), and Advanced Management Services, Ltd. (hereinafter Advanced). The plaintiff alleged that the defendants owned, operated, controlled, maintained, and managed the premises where the accident occurred. AP and Advanced (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 9, 2016, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals from that portion of the order. We affirm insofar as appealed from.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (Alvino v Lin, 300 AD2d 421, 421 [2002]; see Conneally v Diocese of Rockville Ctr., 116 AD3d 905, 906 [2014]; Ortega v Liberty Holdings, LLC, 111 AD3d 904, 905 [2013]; Rubin v Staten Is. Univ. Hosp., 39 AD3d 618 [2007]; Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565 [2005]). Where there is no duty of care owed by the defendant to the plaintiff, there can be no breach, and thus, no liability can be imposed upon the defendant (see Pulka v Edelman, 40 NY2d 781, 782 [1976]; Schindler v Ahearn, 69 AD3d 837, 838 [2010]; Engelhart v County of Orange, 16 AD3d 369, 371 [2005]). Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special

use of the property (*see Khanimov v McDonald's Corp.*, 121 AD3d 1050 [2014]; *Zylberberg v Wagner*, 119 AD3d 675 [2014]; *Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Ortega v Liberty Holdings, LLC*, 111 AD3d at 904). The existence of one or more of these elements is sufficient to give rise to a duty of care (*see Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102, 1103 [2006]). Where none is present, "[generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition" (*Ruffino v New York City Tr. Auth.*, 55 AD3d 819, 820 [2008]; *see Chernoguz v Mirrer Yeshiva Cent. Inst.*, 121 AD3d 737 [2014]; *Zylberberg v Wagner*, 119 AD3d at 675; *Suero-Sosa v Cardona*, 112 AD3d at 706; *Ortega v Liberty Holdings, LLC*, 111 AD3d at 904).

Here, the defendants established, prima facie, that they did not owe a duty to the plaintiff by demonstrating that they did not own, occupy, or control the area where the subject accident occurred, and thus, that they did not have a duty to maintain the staircase on the date of the accident. In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.