Umanskaya v 4050 Nostrand Ave. Condominium (2019 NY Slip Op 04446)





Umanskaya v 4050 Nostrand Ave. Condominium


2019 NY Slip Op 04446


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-14285
 (Index No. 516929/17)

[*1]Svetlana Umanskaya, respondent, 
v
4050 Nostrand Avenue Condominium, et al., defendants, Kaled Management Corp., appellant.


Margaret G. Klein & Associates (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kaled Management Corp. appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 26, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kaled Management Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff commenced this action to recover damages for personal injuries that she alleges she sustained when she tripped and fell on a defective sidewalk outside certain premises in Brooklyn. The defendant Kaled Management Corp. (hereinafter Kaled) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. By order dated October 26, 2018, the Supreme Court denied Kaled's motion. Kaled appeals.
"For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (Suero-Sosa v Cardona, 112 AD3d 706, 707; see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584). "The existence and extent of a duty is a question of law" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13).
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "The existence of one or more of these elements is sufficient to give rise to a duty of care . . . . Where none is present, [generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition" (Donatien v Long Is. Coll. Hosp., 153 AD3d at 601 [citation and internal quotation marks omitted]). Administrative Code of the City of New York § 7-210 shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes (see Administrative Code § 7-210[b]; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Kolotova v Beach Haven [*2]Apts. Assoc., LLC, _____ AD3d _____ 2019 NY Slip Op 03326 [May 1, 2019]).
Here, Kaled demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that it did not owe a duty of care to the plaintiff (see Reynolds v Avon Grove Props., 129 AD3d 932, 933; Suero-Sosa v Cardona, 112 AD3d at 707). In support of its motion, Kaled submitted, inter alia, the answer of the defendants Harbor Point Condominium Board of Managers (hereinafter Harbor Point) and Abstract Management, LLC (hereinafter Abstract), containing admissions that Harbor Point was the owner of the abutting premises, and that Abstract rendered certain managerial services for the abutting premises. Among Kaled's other submissions was the affidavit of its chief financial officer, who asserted that Kaled did not own or manage the abutting premises on the date of the alleged accident, that Kaled had not managed the premises since August 2008 when Abstract took over management of the premises from Kaled, and that Kaled had not had any relationship with the premises in over nine years.
In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff contended that Kaled's motion was premature, the plaintiff failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within Kaled's knowledge and control (see CPLR 3212[f]; Reynolds v Avon Grove Props., 129 AD3d at 933; Suero-Sosa v Cardona, 112 AD3d at 708).
Accordingly, we disagree with the Supreme Court's determination to deny Kaled's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court