Eliav v Parker Queens, LP (2019 NY Slip Op 06473)





Eliav v Parker Queens, LP


2019 NY Slip Op 06473


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-05526
 (Index No. 4103/14)

[*1]Flora Eliav, respondent-appellant, 
v
Parker Queens, LP, et al., appellants-respondents, Innovative Design & Maintenance, LLC, respondent.


Crafa & Sofield, P.C., Garden City, NY (Thomas R. Sofield of counsel), for appellants-respondents.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent-appellant.
Charles F. Harms, Jr., Garden City, NY (Eric L. Cooper of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Parker Queens, LP, Parker Yellowstone, LP, and Parker Forest Hills, LP, appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 29, 2018. The order, in effect, granted that branch of the motion of the defendant Innovative Design & Maintenance, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the appeal is dismissed; and it is further,
ORDERED that the order is affirmed on the cross appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendant Innovative Design & Maintenance, LLC.
The plaintiff allegedly slipped and fell on snow and ice on a sidewalk located within an apartment complex owned by the defendants Parker Queens, LP, Parker Yellowstone, LP, and Parker Forest Hills, LP (hereinafter collectively the Parker defendants). The plaintiff thereafter commenced this personal injury action against the Parker defendants and the defendant Innovative Design & Maintenance, LLC (hereinafter Innovative), an entity that provided snow and ice removal services at the subject property. Innovative asserted cross claims against the Parker defendants, but the Parker defendants did not assert any cross claims against Innovative.
Innovative thereafter moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court, in effect, granted that branch of the motion. The Parker defendants appeal, and the plaintiff cross-appeals.
Initially, the appeal by the Parker defendants must be dismissed, as those defendants are not aggrieved by the order, which, in effect, granted that branch of Innovative's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). Although Innovative ostensibly moved [*2]for summary judgment dismissing the "cross claims" asserted by the Parker defendants, since no cross claims were asserted by those defendants, the order appealed from did not grant any relief against the Parker defendants (see Mixon v TBV, Inc., 76 AD3d at 156-157).
As to the plaintiff's cross appeal, "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, an exception to this rule applies where the contracting party, in failing to exercise reasonable care in the performance of contractual duties, launches a force or instrument of harm, such as by creating or exacerbating a dangerous condition (see id. at 140; Santos v Deanco Servs., Inc., 142 AD3d 137, 140).
Here, Innovative demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by showing that it did not create or exacerbate any dangerous condition on the sidewalk where the plaintiff fell. Specifically, Innovative submitted its snow removal contract and invoice for the date of the accident, which demonstrated, prima facie, that it did not perform any services on the sidewalks of the complex on that date (see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's contention that Innovative's motion was premature is without merit (see Northfield Ins. Co. v Golob, 164 AD3d 682, 683-684; Suero-Sosa v Cardona, 112 AD3d 706, 708).
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, we agree with the Supreme Court's determination, in effect, to grant that branch of Innovative's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court