Greenbaum v Bare Meats, Inc. (2019 NY Slip Op 08823)





Greenbaum v Bare Meats, Inc.


2019 NY Slip Op 08823


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-10367
 (Index No. 710039/14)

[*1]Brandon Greenbaum, appellant, 
v
Bare Meats, Inc., etc., respondent, et al., defendants.


Paris & Chaikan, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Garbarini & Scher, P.C., New York, NY (William D. Buckley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 2, 2018. The judgment, insofar as appealed from, upon an order of the same court dated February 2, 2018, inter alia, granting that branch of the motion of the defendant Bare Meats, Inc., doing business as Butcher Bar, which was for summary judgment dismissing the amended complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff dismissing the amended complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On December 2, 2014, the plaintiff was walking on the sidewalk adjacent to premises located at 37-10 30th Avenue in Queens. He allegedly tripped, fell, and was injured when metal cellar doors that formed part of the sidewalk were pushed open from the inside of the cellar at the moment when the plaintiff was walking over them. The plaintiff commenced this personal injury action against, among others, the defendant Butcher King, Inc., doing business as Butcher Bar (hereinafter Butcher King), which was the lessee of the subject premises, and the defendant Bare Meats, Inc., doing business as Butcher Bar (hereinafter Bare Meats), which was the lessee of the adjacent premises located at 37-08 30th Avenue. The plaintiff alleged that Bare Meats owned, operated, controlled, maintained, or managed the subject premises.
Bare Meats moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. Bare Meats contended that it owed no duty to the plaintiff because the incident occurred on Butcher King's property, and the incident was proximately caused by an employee of Butcher King. The Supreme Court granted that branch of Bare Meats' motion, and the plaintiff appeals.
" To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff'" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600, quoting Alvino v Lin, 300 AD2d 421, 421; see Ortega v Liberty Holdings, LLC, 111 AD3d 904, 905; [*2]Rubin v Staten Is. Univ. Hosp., 39 AD3d 618). If there is no duty of care owed by the defendant to the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the defendant (see Pulka v Edelman, 40 NY2d 781, 782; Donatien v Long Is. Coll. Hosp., 153 AD3d at 601). Moreover, "[l]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d at 600-601; see Zylberberg v Wagner, 119 AD3d 675; Suero-Sosa v Cardona, 112 AD3d 706). "The existence of one or more of these elements is sufficient to give rise to a duty of care. Where none is present, [generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition" (Donatien v Long Is. Coll. Hosp., 153 AD3d at 601 [citation and internal quotation marks omitted]).
Here, Bare Meats established, prima facie, that it did not owe a duty to the plaintiff by demonstrating that it did not own, occupy, control, or maintain the subject premises where the accident occurred (see id.; Zylberberg v Wagner, 119 AD3d 675). Bare Meats also established, prima facie, that the person who proximately caused the accident was not an employee of Bare Meats, and as such, the defendant could not be held vicariously liable for his actions (see McCovey v Williams, 105 AD3d 819, 819). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of Bare Meats' motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court