Ulloa v Incorporated Vil. of Freeport (2020 NY Slip Op 03414)





Ulloa v Incorporated Vil. of Freeport


2020 NY Slip Op 03414


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-12532
2019-06261
 (Index No. 601641/18)

[*1]Cipriano Ulloa, appellant, 
v
Incorporated Village of Freeport, et al., defendants, JB & Associates Real Estate, respondent. (Appeal No. 1)
Cipriano Ulloa, appellant,
v
Incorporated Village of Freeport, respondent, et al., defendants. (Appeal No. 2)


Leo Tekiel (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Robert A. Peirce, White Plains, NY (Richard A. Salvato of counsel), for respondent in Appeal No. 1.
Vincent D. McNamara, East Norwich, NY (Karen J. Walsh of counsel), for respondent in Appeal No. 2.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated September 26, 2018, and (2) an order of the same court dated April 9, 2019. The order dated September 26, 2018, insofar as appealed from, granted that branch of the motion of the defendant JB & Associates Real Estate which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated April 9, 2019, insofar as appealed from, granted that branch of the motion of the defendant Incorporated Village of Freeport which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated September 26, 2018, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant JB & Associates Real Estate which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that the order dated April 9, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant JB & Associates Real Estate, and one bill of costs is awarded to the defendant Incorporated Village of Freeport payable by the plaintiff.
On February 10, 2017, the plaintiff allegedly slipped and fell on ice on a sidewalk abutting an empty lot in Freeport. The plaintiff commenced this action against the defendant [*2]Incorporated Village of Freeport; the abutting landowner, the defendant Moncion Realty Corp. (hereinafter Moncion); and the defendant JB & Associates Real Estate (hereinafter JB), which Moncion allegedly retained to sell the empty lot. In an order dated September 26, 2018, the Supreme Court granted JB's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 9, 2019, the court granted the Village's separate motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. These appeals ensued.
JB moved for summary judgment shortly after issue was joined, and before the other defendants had filed their answers. The motion was supported by the affidavit of JB's owner, Josue Bermudez, who averred, without any supporting documentation, that JB did not own, control, occupy, or maintain the subject property. Bermudez acknowledged, however, that JB had been retained to list the subject property for sale. In opposition, the plaintiff argued, inter alia, that the motion papers were deficient because JB failed to attach any supporting documentation, including a copy of the agreement it had entered into with the owner of the property.
Under the circumstances presented, we agree with the plaintiff that JB failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (compare NY Fuel Distribs., LLC v Eljamal, 162 AD3d 892, 895, with Suero-Sosa v Cardona, 112 AD3d 706, 707). Accordingly, that branch of JB's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Turning to the Village's motion, we note at the outset that the plaintiff does not dispute that the Village established its prima facie entitlement to judgment as a matter of law, but contends only that the motion was premature.
In order to establish that a summary judgment motion is premature, the nonmoving party must "offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the [moving party]. The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the . . . motion" (Lazarre v Gragston, 164 AD3d 574, 575 [citations omitted]; see Suero-Sosa v Cardona, 112 AD3d at 708). We agree with the Supreme Court's determination that the Village's motion was not premature. Since the plaintiff proffered no other basis for reversal, we agree with the court's determination to grant that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court