Izgelova v 97-49 63rd Dr., LLC (2021 NY Slip Op 01401)





Izgelova v 97-49 63rd Dr., LLC


2021 NY Slip Op 01401


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-13995
 (Index No. 9921/15)

[*1]Olga Izgelova, respondent, 
v
97-49 63rd Drive, LLC, defendant, Mark Davidov, et al., appellants.


Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold, Karen C. Higgins, and Christopher Carr of counsel), for appellants.
Hoshovsky Law Firm, LLC, New York, NY (Serhiy Hoshovsky of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Mark Davidov and Yaffe Davidova appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 25, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she alleges she sustained when she tripped and fell on a defective sidewalk outside certain premises in Queens. The defendants Mark Davidov and Yaffe Davidova (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. By order entered September 25, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (see Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). The existence of one or more of these elements is sufficient to give rise to a duty of care (see Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103). Where none of those elements are present, "[generally] a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820; see Donatien v Long Is. Coll. Hosp., 153 AD3d at 601).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants' submissions failed to establish as a matter of law that they did not occupy, control, or put to a special use the sidewalk where the defect which allegedly caused the plaintiff to fall was located (see generally Michalczuk v Resort Realty Assoc. Partnership, 131 AD3d 457).
In light of the defendants' failure to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment [*2]dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's contention that the appeal must be dismissed as untimely taken is based on matter dehors the record.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court