Zuniga v Smith (2025 NY Slip Op 05011)

Zuniga v Smith

2025 NY Slip Op 05011

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-05641
 (Index No. 616418/19)

[*1]Joseph A. Zuniga, respondent, 
v
Hally Roberta Smith, et al., defendants, Jill Verbeck, et al., appellants (and a third-party action).

Hagelin Spencer LLC, Buffalo, NY (Megan F. Organek and Sean Spencer of counsel), for appellants.
Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jill Verbeck and Arlene Eaton appeal from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated April 1, 2024. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Jill Verbeck and Arlene Eaton for summary judgment dismissing the complaint insofar as asserted against them is granted.
In or about November 2019, the defendant Arlene Eaton hired NT Construction Corp. to remove a swimming pool in the backyard of her home located on Coates Avenue in Suffolk County (hereinafter the premises). On November 4, 2019, the plaintiff, an employee of NT Construction Corp., was at the premises working on the project. The plaintiff allegedly was injured when he was struck by a vehicle while he was in Coates Avenue. The plaintiff commenced this action to recover damages for personal injuries against Eaton and her daughter, the defendant Jill Verbeck (hereinafter together the defendants), among others, alleging that the defendants owed a duty to maintain, control, and supervise the premises and any work being conducted at the premises, that the defendants were negligent in their ownership, maintenance, supervision, and control of the premises, and that the plaintiff was caused to sustain personal injuries when he was struck by the vehicle due to a defective condition at the premises.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that they did not owe the plaintiff a duty of care, since he was in a public roadway and not on the premises at the time of the accident, and even if they owed the plaintiff a duty, they did not breach that duty, since they did not direct or control the work being performed. By order dated April 1, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"To establish a prima facie case of negligence, a plaintiff must establish the existence [*2]of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600 [internal quotation marks omitted]). "Where there is no duty of care owed by the defendant to the plaintiff, there can be no breach, and thus, no liability can be imposed upon the defendant" (id.). "Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d 513, 514; see Donatien v Long Is. Coll. Hosp., 153 AD3d at 600-601). "The existence of one or more of these elements is sufficient to give rise to a duty of care" (Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d at 514). "Where none of those elements are present, '[generally] a party cannot be held liable for injuries caused by the [dangerous] condition of the property'" (id., quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820).
Here, the defendants' submissions established that the accident occurred in the public roadway and not on their property, that the accident was not caused by any defect on their property, and that they did not cause a defective condition to occur by making special use of the roadway (see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812; Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d at 514). As such, the defendants established, prima facie, that they did not owe the plaintiff a duty of care (see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d at 812; Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d at 514). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, the complaint sounds in common-law negligence, and the pleadings contained in the record before this Court do not allege a violation of Labor Law § 200 (see Plunkett v 519 Gourmet Deli & Grill, Inc., No. 5, 233 AD3d 814, 815). In any event, "mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d 54, 62; see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1383; Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191).
Here, the record shows that Eaton exercised no supervisory control over the plaintiff's work and, at most, did no more than oversee the progress of the project, and that Verbeck was not present during the project, which is insufficient to form a basis for the imposition of liability (see Wilson v Bergon Constr. Corp., 219 AD3d at 1383; Murphy v 80 Pine, LLC, 208 AD3d 492, 495). In opposition, the plaintiff failed to raise a triable issue of fact (see Reyes v Sligo Constr. Corp., 214 AD3d 1014, 1017).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the defendants' remaining contentions.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court