■ In the Matter of MICHAEL BEDERMAN, Appellant, v ALLISON BEDERMAN, Respondent. [999 NYS2d 498]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated May 15, 2014. The order, insofar as appealed from, denied that branch of the father's petition which was to modify the custody provisions of a stipulation of settlement so as to allow him "to confirm [the child's] enrollment in and ability to attend The Calhoun School prior to the May 31, 2014, deadline."

Ordered that the appeal is dismissed as academic, without costs or disbursements.

Generally, courts may not consider "questions which, although once live, have become moot by passage of time or change in circumstances" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). Here, the father sought to confirm the child's enrollment in and ability to attend The Calhoun School for the 2014-2015 school year prior to that school's May 31, 2014, deadline for enrollment. The father did not make any arguments regarding the child's enrollment in The Calhoun School beyond the 2014-2015 school year. Inasmuch as the deadline for the child's enrollment in the subject high school was May 31, 2014, and that deadline has long since passed, the issues raised on this appeal have been rendered academic. Moreover, this case does not warrant invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811). Accordingly, we dismiss the appeal. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.