■ MARY LOUISE REYNOLDS et al., Appellants, v AVON GROVE PROPERTIES, Defendant, and MEYER CONTRACTING CORPORATION, Respondent. [12 NYS3d 199]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 4, 2014, as granted that branch of the motion of the defendant Meyer Contracting Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Mary Louise Reynolds allegedly sustained injuries when she tripped and fell as the result of a hazardous condition on the subject premises. According to the complaint, the defendant Avon Grove Properties (hereinafter Avon) owned the subject premises and the defendant Meyer Contracting Corporation (hereinafter Meyer Contracting) was the "manager" of the subject premises. Avon admitted ownership of the subject premises in its answer, but Meyer Contracting denied that it managed the subject premises.

Meyer Contracting moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The motion was supported by an affidavit of Christian Meyer, the president of Meyer Contracting, in which he averred that Meyer Contracting neither owned nor managed the subject premises, including the area where the accident occurred. In the order appealed from, the Supreme Court, inter alia, granted the subject branch of Meyer Contracting's motion.

"For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (*Suero-Sosa v Cardona*, 112 AD3d 706, 707 [2013]). Generally, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Chernoguz v Mirrer Yeshiva Cent. Inst.*, 121 AD3d 737, 738 [2014]; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly

defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 730).

Here, Meyer Contracting established its, prima facie, entitlement to judgment as a matter of law by presenting evidence that it did not manage the subject premises and, therefore, did not owe a duty to the injured plaintiff. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the subject branch of Meyer Contracting's motion was premature is without merit. A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Burlington Ins. Co. v Casur Corp.*, 123 AD3d 965, 965-966 [2014]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Here, the plaintiffs failed to satisfy their burden of demonstrating that the subject branch of Meyer Contracting's motion was premature.

Accordingly, the Supreme Court properly granted that branch of Meyer Contracting's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur. █