■ In the Matter of RAVEN K. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ADAM C. et al., Respondents. LORETTA C., Nonparty Appellant. [13 NYS3d 469]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered May 20, 2014. The order, insofar as appealed from, denied those branches of the motion of the nonparty paternal grandmother, Loretta C., which were for leave to intervene in these proceedings, for an award of physical custody of the subject child, to direct the petitioner to comply with Family Court Act § 1017, and for an award of attorney's fees against the petitioner.

Motion by the petitioner to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 11, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that the appeal from so much of the order as denied those branches of the appellant's motion which were for leave to intervene in the parental neglect proceedings, for an award of physical custody of the subject child, and to direct the petitioner to comply with Family Court Act § 1017 is dismissed as academic, and the motion is otherwise denied; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Under the mootness doctrine, a court is ordinarily precluded from considering questions "which, although once live, have become moot by passage of time or change in circumstances. In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*id.* at 714; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). Generally, a case that is moot is unreviewable unless it fits within the exception, for which three elements must be shown: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substan-

tial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *see City of New York v Maul*, 14 NY3d 499, 507 [2010]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811). Here, since the order on appeal was made, the paternal grandmother was awarded custody of the subject child and the neglect petitions against the parents have been withdrawn, thereby rendering academic the appeal from so much of the order as denied those branches of the paternal grandmother's motion which were for leave to intervene in the parental neglect proceedings, for an award of physical custody of the subject child, and to direct the petitioner to comply with Family Court Act § 1017. Moreover, this case does not warrant invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Matter of Bederman v Bederman*, 123 AD3d 1029 [2014]; *Matter of Devika R. [Stone-Martielli]*, 109 AD3d 474, 475 [2013]; *Matter of Jocelyne A. [Walter A.]*, 102 AD3d 776 [2013]; *Matter of Field v Stamile*, 85 AD3d 1164 [2011]; *Matter of Ashley R.*, 57 AD3d 789 [2008]). Accordingly, we grant the petitioner's motion to dismiss the appeal as academic to the extent indicated.

Under the circumstances of this case, an award of an attorney's fee to the paternal grandmother is not warranted under either CPLR 8601 (a) or as a sanction under 22 NYCRR 130-1.1. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.