■ Donna Fabbricante, Appellant, v John Fabbricante, Respondent. [49 NYS3d 701]—

Appeal by the plaintiff, by permission, from an order to show cause of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated September 8, 2015. The order to show cause, insofar as appealed from, granted the defendant's application to temporarily restrain the plaintiff from transferring the parties' child from his middle school in Queens County to a middle school in Nassau County for the 2015-2016 eighth-grade school year. By decision and order on motion dated October 1, 2015, this Court granted the plaintiff's motion to stay enforcement of the temporary restraining order contained in the order to show cause, inter alia, pending hearing and determination of the appeal.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

"Generally, courts may not consider 'questions which, although once live, have become moot by passage of time or change in circumstances' " (*Matter of Bederman v Bederman*, 123 AD3d 1029, 1029 [2014], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). Here, the sole issue raised by the mother on her appeal is whether the stipulation of custody and parenting entered into by the parties in 2014 required the parties' son to complete his 2015-2016 eighth grade school year at his middle school in Queens, or whether it permitted him to attend eighth grade at a high school near his current home in Williston Park in Nassau County. However, since the child has now completed eighth grade, and since the mother does not raise any arguments regarding the child's enrollment beyond the 2015-2016 school year, the issues raised on this appeal have been rendered academic (*see Matter of Bederman v Bederman*, 123 AD3d at 1029; *see also Matter of Raven K. [Adam C.]*, 130 AD3d 622, 623-624 [2015]). Moreover, this case does not warrant invocation of the exception to the mootness doctrine (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811; *Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Matter of Bederman v Bederman*, 123 AD3d at 1029). Accordingly, we dismiss the appeal. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.

Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on an appeal from an order to show cause of the Supreme Court, Queens County, dated September 8, 2015, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated Janu-

ary 6, 2017, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, and upon the submission of the appeal, it is

Ordered that the branch of the appellant's motion which is to strike stated portions of the respondent's brief is denied as academic. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.