Cohen v Lebgutt Realty, LLC (2018 NY Slip Op 01177)





Cohen v Lebgutt Realty, LLC


2018 NY Slip Op 01177


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-02954
 (Index No. 24446/12)

[*1]Tuita Cohen, appellant, 
v
Lebgutt Realty, LLC, et al., respondents.


Bern Ripka LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Charles J. Siegel, New York, NY (Richard Dell and Thomas Ryan of counsel), for respondents Lebgutt Realty, LLC, and Ahava Medical Rehabilitation Center.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and David Bloom of counsel), for respondent Liya Luo.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated December 17, 2014. The order granted the separate motions of the defendants Lebgutt Realty, LLC, and Ahava Medical Rehabilitation Center and the defendant Liya Luo for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Lebgutt Realty, LLC, and Ahava Medical Rehabilitation Center for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants Lebgutt Realty, LLC, and Ahava Medical Rehabilitation Center, and one bill of costs to the defendant Liya Luo payable by the plaintiff.
Following surgery, the plaintiff received physical therapy from the defendant Liya Luo at the defendant Ahava Medical Rehabilitation Center (hereinafter Ahava), which was located on premises owned by the defendant Lebgutt Realty, LLC (hereinafter Lebgutt). The plaintiff alleged that during one such session, Luo placed the plaintiff on a treadmill, started the treadmill, and left the room while the plaintiff walked on the treadmill. The plaintiff alleged that a few minutes after Luo left the room, the machine began malfunctioning, moving very quickly and inclining and declining, and that she was thereupon thrown from the treadmill and injured. The plaintiff subsequently commenced this action to recover damages for her injuries. Lebgutt and Ahava moved for summary judgment dismissing the complaint insofar as asserted against them, and Luo separately moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted both motions, and the plaintiff appeals.
Luo demonstrated, prima facie, that she was entitled to judgment as a matter of law. Contrary to the plaintiff's contention, her allegation of negligent supervision sounded in medical malpractice, not ordinary negligence. Because the plaintiff challenged Luo's assessment of the [*2]plaintiff's supervisory needs during her physical therapy session, the conduct at issue derived from the duty owed to the plaintiff as a result of the physical therapist-patient relationship and was substantially related to her medical treatment (see Weiner v Lenox Hill Hosp., 88 NY2d 784, 788; Scott v Uljanov, 74 NY2d 673, 674-675; Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499-500; Thurston v Interfaith Med. Ctr., 66 AD3d 999, 1000-1001; Santana v St. Vincent Catholic Med. Ctr. of N.Y., 65 AD3d 1119, 1120). Luo demonstrated, prima facie, through the submission of an expert affidavit, that accepting the plaintiff's version of events as true, she did not depart from the accepted standard of care for physical therapy (see Archer v Haeri, 91 AD3d 685, 685-686; Stukas v Streiter, 83 AD3d 18, 23-24). In opposition, the plaintiff failed to raise a triable issue of fact, as she did not submit an expert affidavit (see Koster v Davenport, 142 AD3d 966, 969; Vera v Soohoo, 41 AD3d 586, 587). Nor did the plaintiff show that summary judgment was premature, as she did not demonstrate that additional discovery might lead to relevant evidence (see CPLR 3212[f]; Reynolds v Avon Grove Props., 129 AD3d 932, 933).
As to premises liability, Luo demonstrated, prima facie, that she owed no duty to the plaintiff (see Suero-Sosa v Cardona, 112 AD3d 706, 707). In opposition, the plaintiff failed to raise a triable issue of fact or demonstrate that summary judgment was premature (see CPLR 3212[f]; Reynolds v Avon Grove Props., 129 AD3d at 933). Accordingly, the Supreme Court properly granted Luo's motion for summary judgment dismissing the complaint insofar as asserted against her.
The plaintiff correctly contends that Lebgutt and Ahava failed to demonstrate, prima facie, that they were entitled to judgment as a matter of law. In support of their motion, Lebgutt and Ahava relied entirely on an argument that the plaintiff demonstrated such confusion during her deposition that there was no evidence that the alleged fall from the treadmill ever occurred. Contrary to Lebgutt and Ahava's contention, the plaintiff, while expressing confusion over Ahava's location, testified at her deposition that the fall occurred during a session with Luo, and Luo testified at her deposition that during the relevant time period she worked at Ahava. The plaintiff's and Luo's conflicting deposition testimony as to whether the fall occurred raised credibility issues that precluded summary judgment (see Kolivas v Kirchoff, 14 AD3d 493, 493). Moreover, Lebgutt and Ahava failed to establish, prima facie, that they did not create the allegedly defective condition or that they did not have actual or constructive notice of the allegedly defective condition (see Suero-Sosa v Cardona, 112 AD3d at 707; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730). Accordingly, the Supreme Court should have denied their motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court