R. L. v New York City Dept. of Educ. (2019 NY Slip Op 06072)





R. L. v New York City Dept. of Educ.


2019 NY Slip Op 06072


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-07948
 (Index No. 714347/16)

[*1]R. L., etc., et al., appellants, 
v
New York City Department of Education, et al., respondents.


Scott Baron & Associates, P.C., Howard Beach, NY (Michael Stieglitz of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Diana Lawless of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 18, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2016, the then-14-year-old infant plaintiff was a member of a student dance group that was intending to perform at an upcoming festival at her high school. The school provided times for the group to practice after classes, within the school building, with staff supervision. On January 18, 2016, the school was closed for a public holiday, and the infant plaintiff and the other students in her group met to practice off school grounds, without school staff supervision. During this practice, the infant plaintiff was injured. The infant plaintiff, and her father suing derivatively, commenced this action against the defendants, New York City Department of Education (hereinafter the Department of Education) and the City of New York, alleging negligent supervision. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Department of Education. We affirm insofar as appealed from.
Schools have a duty to adequately supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49). The duty arises from the school's physical custody over the students (see Pratt v Robinson, 39 NY2d 554, 560). "The rationale underlying this duty is that when a school takes custody of a child, it deprives the child of the protection of his or her parents or guardian, and thus must give the child the protection of which the child has been deprived" (Begley v City of New York, 111 AD3d 5, 23). "The school's duty is thus coextensive with and concomitant to its physical custody of and control over the child. When that custody ceases because the child has [*2]passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (Pratt v Robinson, 39 NY2d at 560; see Stephenson v City of New York, 19 NY3d 1031, 1034).
Here, the defendants submitted evidence sufficient to establish, prima facie, that the Department of Education did not owe the infant plaintiff a duty of care at the time that she was injured (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The injury- producing incident occurred during a dance practice which occurred off school premises on a public holiday without the school's knowledge or consent. In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, it is not necessary to reach the merits of the defendants' contention regarding the issue of proximate cause. The plaintiffs' contention regarding the issue of apparent authority is being raised for the first time on appeal and it is not properly before this Court (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216). Contrary to the plaintiffs' contention, the defendants' motion was not premature, as the plaintiffs failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the defendants' knowledge and control (see CPLR 3212[f]; Reynolds v Avon Grove Props., 129 AD3d 932, 933).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court