Neill v Cinema de Lux (2021 NY Slip Op 05861)





Neill v Cinema de Lux


2021 NY Slip Op 05861


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-05417
 (Index No. 12353/14)

[*1]Caroline Neill, appellant, 
v
Cinema de Lux, defendant, National Amusements, Inc., respondent.


Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Miranda Sambursky Slone Sklarin & Verveniotis, LLP, Elmsford, NY (John W. Manning of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated February 23, 2018. The order granted the motion of the defendant National Amusements, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On December 22, 2013, the plaintiff allegedly was injured when she slipped and fell on a wet condition in a restroom at a movie theater. The plaintiff commenced this personal injury action against the defendant National Amusements, Inc. (hereinafter National), which allegedly operated the movie theater, and another defendant. National moved for summary judgment dismissing the complaint insofar as asserted against it. In support of the motion, National submitted evidence that it had leased the premises from a nonparty landlord, and that, pursuant to an assignment and assumption of lease agreement dated October 1, 2010, it had assigned all of its rights and obligations under the lease to its wholly owned subsidiary, NAI Entertainment Holdings, LLC. National argued that it did not own, control, occupy, or make special use of the premises and that it could not be held liable for the negligence of its subsidiary. The Supreme Court granted the motion, and the plaintiff appeals.
"Premises liability, as with liability for negligence generally, begins with duty" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13; see Church v Callanan Indus., 99 NY2d 104, 110). Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (see Reynolds v Avon Grove Props., 129 AD3d 932, 932). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730; see Zylberberg v Wagner, 119 AD3d 675, 676). In addition, liability cannot be solely predicated upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary (see Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163). A parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete domination and control over the subsidiary (see id. at 163; Nassau County v Richard Dattner Architect, P.C., 57 AD3d 494, 495; Mitchell v TAM Equities, Inc., 27 AD3d 703, 708).
Here, National established, prima facie, that it did not own, occupy, control, or make special use of the premises where the accident occurred, that the movie theater was being operated by its wholly owned subsidiary, and that it owed no duty of care to the plaintiff (see generally Church v Callanan Indus., 99 NY2d 104; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152; Reynolds v Avon Grove Props., 129 AD3d 932). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, it is not necessary to reach the plaintiff's remaining contention.
Accordingly, the Supreme Court properly granted National's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court