Matter of Thomas v Thomas (2025 NY Slip Op 03578)

Matter of Thomas v Thomas

2025 NY Slip Op 03578

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06806
 (Docket Nos. V-10821-17, V-1932-18)

[*1]In the Matter of Maurice Jason Ovid Thomas, respondent, 
v
Rachel L. Thomas, appellant.

Gail Jacobs, Great Neck, NY, for appellant.
Jan Murphy, Huntington, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated August 9, 2019. The order, insofar as appealed from, after a hearing, granted those branches of the father's petitions which were for sole legal custody of the parties' children.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
"'It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal'" (Matter of Raven K. [Adam C.], 130 AD3d 622, 623, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Under the mootness doctrine, a court is ordinarily precluded from considering questions 'which, although once live, have become moot by passage of time or change in circumstances. In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (id., quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Here, since the order dated August 9, 2019, was issued, the Family Court issued a modified order of custody dated February 16, 2024, which awarded sole legal custody of the parties' children to the mother. Thus, the mother's appeal from the order dated August 9, 2019, granting those branches of the father's petitions which were for sole legal custody of the children, was rendered academic by the February 16, 2024 order (see Matter of Sanchez v Urrutia, 198 AD3d 974; Matter of McKeever v Sclafani, 194 AD3d 938, 939; Matter of Raven K. [Adam C.], 130 AD3d at 624). In addition, this case does not warrant invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; Matter of Raven K. [Adam C.], 130 AD3d at 624). Accordingly, the appeal must be dismissed as academic.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court