Deutsch v Green Hills (USA), LLC (2022 NY Slip Op 01002)





Deutsch v Green Hills (USA), LLC


2022 NY Slip Op 01002


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-07166
 (Index No. 505183/16)

[*1]Lilian Deutsch, appellant, 
v
Green Hills (USA), LLC, et al., defendants, LMS Properties NY, LLC, et al., respondents.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellant.
Morrison Mahoney, LLP, New York, NY (Demi Sophocleous of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 17, 2019. The order granted the motion of the defendants LMS Properties NY, LLC, LMS Properties NY II, LLC, and Madison Realty Capital, LP, for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants LMS Properties NY, LLC, LMS Properties NY II, LLC, and Madison Realty Capital, LP, which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants LMS Properties NY, LLC, and LMS Properties NY II, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On the evening of December 19, 2014, the plaintiff allegedly sustained injuries when she tripped and fell while walking along a pathway on the grounds of the Green Hills Estates in Ferndale. The plaintiff commenced two separate personal injury actions against, among others, the defendants LMS Properties NY, LLC, LMS Properties NY II, LLC, and Madison Realty Capital, LP (hereinafter collectively the defendants), which were later consolidated.
The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, contending that the plaintiff could not identify the defect on the pathway that caused her to fall. The defendants further argued that they neither created, nor had notice of, the allegedly defective condition. With respect to Madison Realty Capital, LP (hereinafter Madison), the defendants argued that at the time of the accident, Madison had no connection to the property. The Supreme Court granted the defendants' motion on the ground that the plaintiff "failed to identify where on the property [she] allegedly fell" and, thus, "failed to identify a defective condition." The plaintiff appeals.
In a trip and fall case, a defendant real property owner who moves for summary [*2]judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598). A defendant may also establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff cannot identify the cause of his or her fall (see Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc., 190 AD3d 981, 982; Davis v Sutton, 136 AD3d 731, 732). "A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Chang v Marmon Enters., Inc., 172 AD3d 678, 679).
Here, viewing the evidence in the light most favorable to the plaintiff, as the nonmoving party, the defendants failed to establish, prima facie, that the plaintiff did not know what had caused her to fall (see Chang v Marmon Enters., Inc., 172 AD3d at 679; Flanagan v Town of Huntington, 155 AD3d 1000, 1001; Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 496-497, affd 28 NY3d 958). Accordingly, summary judgment dismissing the amended complaint insofar as asserted against the defendants should not have been awarded on that basis.
Additionally, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
The Supreme Court's determination to award summary judgment dismissing the amended complaint insofar as asserted against Madison should nevertheless be affirmed (see Kauffman v Turner Constr. Co., 195 AD3d 1003, 1005). "For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (Suero-Sosa v Cardona, 112 AD3d 706, 707). Generally, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Greenbaum v Bare Meats, Inc., 178 AD3d 775, 776; Chernoguz v Mirrer Yeshiva Cent. Inst., 121 AD3d 737, 738). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 730).
Here, the defendants established, prima facie, that Madison did not owe a duty of care to the plaintiff because it did not own, occupy, control, or make special use of the property where the accident occurred (see Greenbaum v Bare Meats, Inc., 178 AD3d at 776). Madison was, at one point, the holder of two mortgages on the subject property. By the time of the alleged accident, however, those mortgages had been assigned to another entity. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Madison, but it should have denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against LMS Properties NY, LLC, and LMS Properties NY II, LLC.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court