Kennedy v Hennessey (2022 NY Slip Op 07065)

Kennedy v Hennessey

2022 NY Slip Op 07065

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03673
 (Index No. 63349/14)

[*1]Glenn Kennedy, appellant, 
v
Bernadette Carr Hennessey, etc., defendant, Island Advantage Realty, LLC, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated May 4, 2020. The order granted the motion of the defendant Island Advantage Realty, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, a real estate agent, allegedly was injured when he slipped and fell on a wooden wheelchair ramp at an unoccupied residential property. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Island Advantage Realty, LLC (hereinafter the defendant), the real estate agency which had listed the property for sale or rent. After the completion of discovery, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
"For a defendant to be held liable in tort, it must have owed the injured party a duty of care" (Suero-Sosa v Cardona, 112 AD3d 706, 707; see Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 911). The duty to maintain property free and clear of dangerous or defective conditions generally arises from ownership, occupancy, control or special use of the premises (see Suero-Sosa v Cardona, 112 AD3d at 707; Schwalb v Kulaski, 29 AD3d 563, 564). Thus, "[w]here none of these factors is present, a party cannot be held liable for injuries caused by a dangerous or a defective condition" (Suero-Sosa v Cardona, 112 AD3d at 707).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it "did not own, control, occupy, maintain, or manage the property and that [its] only connection to the property was to show it to prospective buyers" (Schwalb v Kulaski, 29 AD3d at 564; see Meyer v Tyner, 273 AD2d 364, 365). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court