Misa v Town of Brookhaven (2023 NY Slip Op 00316)

Misa v Town of Brookhaven

2023 NY Slip Op 00316

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-04032
 (Index No. 610142/16)

[*1]William Misa, respondent, 
v
Town of Brookhaven, et al., defendants, Top of the Bay Restaurant, et al., appellants.

Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Lawrence B. Lambert and Todd Weisman of counsel), for appellants.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Top of the Bay Restaurant and Action Building Supply Corp. appeal from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated May 8, 2020. The order, insofar as appealed from, denied that branch of those defendants' cross-motion which was for summary judgment dismissing the second amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross-motion of the defendants Top of the Bay Restaurant and Action Building Supply Corp. which was for summary judgment dismissing the second amended complaint insofar as asserted against them is granted.
In June 2015, the plaintiff was attempting to retrieve his wagon from a wagon storage area located on "Main Walk" in Cherry Grove, and allegedly was injured when, while stepping backwards on a wooden walkway, he inadvertently stepped off that walkway and onto an adjacent ramp which he incorrectly perceived to be level with the walkway. As a result of the accident, the plaintiff commenced the instant action to recover damages for personal injuries against, among others, Top of the Bay Restaurant (hereinafter Top) and Action Building Supply Corp. (hereinafter Action; hereinafter together with Top, the defendants). At the time of the accident, Top operated a restaurant in a building owned by Action, the rear of which abutted the accident site. The plaintiff alleged, inter alia, that the defendants were negligent in failing to maintain the premises in a reasonably safe and proper condition by, among other things, failing to provide a railing, failing to place slip-resistant markings, and failing to adequately warn of the height differential between the raised wagon storage area and the underlying walkway.
After the completion of discovery, the defendants cross-moved for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against them. The Supreme Court, among other things, denied the defendants' cross-motion. The defendants appeal from so much of the order as denied that branch of their cross-motion which was for summary judgment dismissing the second amended complaint insofar as asserted against them.
A property owner, or a party in possession or control of real property, has a duty to [*2]maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Gani v Avenue R Sephardic Congregation, 159 AD3d 873; Kyte v Mid-Hudson Wendico, 131 AD3d 452; Bender v Cemetery of the Holy Rood, 129 AD3d 754, 755). As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Arshinov v GR 10-40, LLC, 176 AD3d 1019; Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913; see also Basso v Miller, 40 NY2d at 241; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). The existence of one or more of these elements is sufficient to give rise to a duty of care (see Donatien v Long Is. Coll. Hosp., 153 AD3d 600; Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103). Where none is present, "[generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820; see Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601; Chernoguz v Mirrer Yeshiva Cent. Inst., 121 AD3d 737; Zylberberg v Wagner, 119 AD3d 675; Suero-Sosa v Cardona, 112 AD3d 706; Ortega v Liberty Holdings, LLC, 111 AD3d 904).
Here, the evidence submitted by the defendants in support of their cross-motion, which included a survey of the defendants' property and the transcripts of the deposition testimony of the defendants' owner and of the plaintiff, demonstrated, prima facie, that the location of the accident, more specifically the location where the ramp abutted the walkway, was not located on property owned, occupied, controlled, or put to a special use by the defendants (see Mitchell v Icolari, 108 AD3d at 602; Irizarry v Heller, 95 AD3d at 953; James v Stark, 183 AD2d 873, 873). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the defendants' cross-motion which was for summary judgment dismissing the second amended complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court