Karel v Pizzorusso (2023 NY Slip Op 01890)

Karel v Pizzorusso

2023 NY Slip Op 01890

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2022-02249
 (Index No. 53329/20)

[*1]Herb Karel, appellant,
v
Mary Ann Pizzorusso, respondent.

Cusano Smith PLLC (Gary A. Cusano and Marie R. Hodukavich, Peekskill, NY, of counsel), for appellant.
Barclay Damon LLP, Albany, NY (David M. Cost and Amanda Miller of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated February 1, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured while descending a staircase in the defendant's home. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. During his deposition, the plaintiff testified that as he was descending from a second floor landing to the first step of the staircase, he leaned forward to grab a handrail and fell because the handrail was a "little bit below" the landing. In his bill of particulars, the plaintiff alleged, inter alia, that the handrail was a dangerous condition that caused his injuries, and photographs showed that the handrail ended several inches before the landing at the top of the staircase.
The defendant moved for summary judgment dismissing the complaint. In an order dated February 1, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. "[A] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Chimbo v Bolivar, 142 AD3d 944, 945 [internal quotation marks omitted]).
In a premises liability case, "a defendant real property owner who moves for summary judgment has the initial burden of making a prima facie showing that [he or she] neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 910; see Dilorenzo v Nunziatto, 209 AD3d 838, 839). Here, the defendant failed to establish, prima facie, that a dangerous condition did not exist [*2]on the staircase, or that she lacked actual or constructive notice of the allegedly dangerous condition. Contrary to the defendant's contention, the affidavit of her expert engineer did not establish that the fact that the handrail ended several inches before the landing at the top of the staircase was not a dangerous or defective condition. While her expert opined that he did not observe any code violations or maintenance deficiencies in the stairway, he did not directly address the condition of the handrail. Further, "the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles" (Romero v Waterfront N.Y., 168 AD3d 1012, 1013 [internal quotation marks omitted]). Since the defendant did not sustain her prima facie burden of establishing her entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Jandly v New Carle Place Farm, Inc., 211 AD3d 1018, 1020).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court