Ventimiglia v Genting N.Y., LLC (2023 NY Slip Op 04996)

Ventimiglia v Genting N.Y., LLC

2023 NY Slip Op 04996

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-06091
 (Index No. 714038/19)

[*1]Gandolfo Ventimiglia, appellant, 
v
Genting New York, LLC, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Kritzer Law Group, Smithtown, NY (David S. Kritzer and Karen F. Neuwirth of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered August 10, 2021. The order granted the defendant's cross-motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's motion to strike the defendant's answer for failure to comply with discovery.
ORDERED that the order is affirmed, with costs.
On June 20, 2019, the plaintiff allegedly was injured when he fell in the food court of the defendant's Resorts World Casino in Queens (hereinafter the premises). The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. During his deposition, the plaintiff testified that he slipped on a wet floor as he was walking through the premises. The defendant produced videotaped surveillance footage showing the plaintiff's fall, which indicated that he tripped over his own feet, and showed no evidence of any liquid. Further, the plaintiff acknowledged at his deposition that when he fell, he blurted out that he tripped over someone else's leg.
The plaintiff moved to strike the defendant's answer on the ground that the defendant did not produce additional videotaped footage that he requested. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, asserting, inter alia, that the videotaped surveillance footage showed that the plaintiff tripped over his own feet. In an order entered August 10, 2021, the Supreme Court granted the defendant's cross-motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's motion to strike the defendant's answer. The plaintiff appeals.
In a premises liability case, "a defendant real property owner who moves for summary judgment has the initial burden of making a prima facie showing that [he or she] neither created [an] allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 910; see Karel v Pizzorusso, 215 AD3d 738, 739). Here, the defendant established, prima facie, that there was no defective or dangerous [*2]condition that would cause the plaintiff to fall by submitting the plaintiff's deposition testimony, an affidavit from a food court supervisor who asserted that the floor in the area where the plaintiff fell was not wet immediately after the fall, and the videotaped surveillance footage, which showed the plaintiff trip and no evidence of liquid. In opposition, the plaintiff failed to raise a triable issue of fact. Nor is there any indication that further discovery would lead to relevant evidence (see Festagallo v Mandelbaum, 213 AD3d 741).
Accordingly, the Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is without merit.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court