Mosca v Lalezarian Props., LLC

2026 NY Slip Op 02643

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carmen Mosca, appellant,

v

Lalezarian Properties, LLC, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-04966, (Index No. 715001/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for appellant.

Cozen O'Connor, New York, NY (Amanda L. Nelson of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 29, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Lalezarian Properties, LLC, which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, which had been denied in an order of the same court dated March 13, 2020, and, upon reargument, in effect, vacated so much of the order dated March 13, 2020, as denied that branch of that defendant's prior motion, and thereupon, granted that branch of that defendant's prior motion.

ORDERED that the order dated June 29, 2021, is affirmed insofar as appealed from, with costs.

In January 2016, the plaintiff, who was employed as a security guard, allegedly was injured when she slipped on "black ice" in an underground parking garage where she was working. The plaintiff commenced this personal injury action in December 2016 against, among others, the defendant Lalezarian Properties, LLC (hereinafter Lalezarian), the alleged property owner of the building complex.

In August 2019, Lalezarian moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it, arguing, inter alia, that it did not own, manage, maintain, operate, or control the property where the plaintiff's accident occurred. In support of its motion, Lalezarian submitted a deed to the property indicating that it was owned by Nassau County Industrial Development Agency, and an affidavit of Lalezarian's authorized agent indicating that Lalezarian did not own, manage, operate, control, or maintain the property. The plaintiff opposed the motion. In an order dated March 13, 2020, the Supreme Court, among other things, denied that branch of Lalezarian's motion without prejudice to renew upon the completion of discovery.

In October 2020, Lalezarian moved, inter alia, for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, arguing that the Supreme Court overlooked a material issue of fact and misapprehended the law with respect to, among other things, Lalezarian's alleged ownership of the [*2]property.

In an order dated June 29, 2021, the Supreme Court, inter alia, granted Lalezarian leave to reargue and, upon reargument, in effect, vacated so much of the order dated March 13, 2020, as denied that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and thereupon, granted that branch of the prior motion. The court determined, among other things, that there was no evidence that Lalezarian owned the property where the plaintiff's accident occurred. The plaintiff appeals.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (Kinard v New York City Tr. Auth., 233 AD3d 665, 666 [internal quotation marks omitted]; see Hallett v City of New York, 219 AD3d 809, 810). "As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Misa v Town of Brookhaven, 212 AD3d 804, 805-806; see Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 911). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (Deutsch v Green Hills [USA], LLC, 202 AD3d at 911 [internal quotation marks omitted]; see Kennedy v Hennessey, 211 AD3d 833, 833).

Here, Lalezarian established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. In this regard, Lalezarian established that it did not own the property where the accident occurred (see Misa v Town of Brookhaven, 212 AD3d at 805-806; Deutsch v Green Hills [USA], LLC, 202 AD3d at 911). Accordingly, Lalezarian cannot be held liable for injuries allegedly caused by a hazardous condition therein as a matter of law (see Kennedy v Hennessey, 211 AD3d at 833; Deutsch v Green Hills [USA], LLC, 202 AD3d at 911). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court, upon reargument, properly granted that branch of Lalezarian's prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court