D.K. v Powell 512, LLC
2026 NY Slip Op 03784
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

D.K., etc., et al., appellants,
v
Powell 512, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-01845, (Index No. 513289/22)
Francesca E. Connolly, J.P.
Linda Christopher
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Law Office of Gennady Yankilevich, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellants.
Yoeli Gottlieb & Etra LLP, New York, NY (Michael L. Burke of counsel), for respondent Powell 512, LLC.
Peirce & Salvato PLLC, White Plains, NY (Nicholas Behr of counsel), for respondent Liberty Chateau Realty, Inc.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated January 16, 2025. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
In March 2022, the infant plaintiff, D.K., allegedly sustained injuries when the edge of the top step of an interior staircase "caved down," causing the infant plaintiff to fall onto the landing below. The plaintiffs commenced this personal injury action against the defendants, Powell 512, LLC (hereinafter Powell), the owner of the building, and Liberty Chateau Realty, Inc. (hereinafter Liberty), the alleged property manager. Liberty and Powell separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated January 16, 2025, the Supreme Court, among other things, granted those branches of the defendants' motions. The plaintiffs appeal.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Misa v Town of Brookhaven, 212 AD3d 804, 805). "As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (id. at 805-806). "The existence of one or more of these elements is sufficient to give rise to a duty of care" (id. at 806). "Where none is present, '[generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition'" (id., quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820).
Here, Liberty failed to establish, prima facie, that it did not own, occupy, control, or [*2]make special use of the property at issue (see Baek v Red Cap Servs., Ltd., 129 AD3d 752, 754; Giarratani v We're Assoc., Inc., 29 AD3d 946, 948). The deposition testimony of Liberty's principal that "Liberty is solely a brokerage company" and that the property was managed by LCR Management, another company she owned, was contradicted by the deposition testimony of Powell's managing member that Liberty managed the property.
"'[W]hile injuries resulting from trivial defects are generally not actionable'" (Harris v RCH Holdings, LLC, 242 AD3d 839, 840, quoting Sanna v Wal-Mart Stores, 271 AD2d 595, 595), "[a] defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "Photographs which fairly and accurately represent the accident site may be used to establish whether a defect is trivial and not actionable" (Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655). "The persuasiveness of photographs will depend on what reasonable inferences regarding the alleged defect may be drawn from them" (Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 215).
Here, the defendants failed to establish, prima facie, that the alleged defect in the top stair was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Genutis v 555 Dekalb Ave., LLC, 241 AD3d 878, 880; Burtis v Town of Hempstead, 237 AD3d 885, 887). Inasmuch as the video evidence in the record demonstrates that the edge of the step bent under the weight of a person, we cannot say that such a defect at the top of a staircase in a residential building is small enough as to be trivial as a matter of law (see Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 217).
"A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Griffin v PMV Realty, LLC, 181 AD3d 912, 913 [internal quotation marks omitted]). "To meet its burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected before the accident" (id.).
Here, the defendants failed to establish, prima facie, that they had no constructive notice of the alleged defect (see id.). Neither the inspection report created by Powell's insurer a year before the infant plaintiff's fall nor the photographs of repairs performed on the stair railing two months before the infant plaintiff's fall demonstrate when the subject step was last inspected prior to the infant plaintiff's accident (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1352).
Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them without regard to the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court